IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SCHEAREAN JEAN MEANS,**

    Petitioner,

v.                                                                       Case No. 4:13cv248-RH/CAS

**J.V. FLOURNOY, Warden,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about April 15, 2013, Petitioner Schearean Jean Means, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner filed an amended § 2241 petition on June 27, 2013.  ECF No. 7.  Petitioner subsequently filed a motion to amend, ECF No. 13, which this Court granted, ECF No. 14.  Accordingly, on October 16, 2013, Petitioner filed a second amended § 2241 petition.  ECF No. 15.  On December 17, 2013, Respondent filed an answer, with attachments.  ECF No. 19.  Petitioner has not filed a reply, although given the opportunity to do so.  See ECF Nos. 16, 26.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this action should be dismissed.

## Background

This is the fifth § 2241 filed by Schearen Jean Means in this Court challenging her conviction and sentence imposed in May 1996 by the United States District Court for the Northern District of Alabama, Southern Division, in case number 2:95cr129-JHH-TMP.  See ECF No. 19 at 6 and Ex. D[1]; Means v. United States, 2011 WL 741495, No. 4:10cv447-MP/WCS (explaining, in Report and Recommendation, that case was "Petitioner's fourth attempt in this district to challenge, by habeas corpus petition, her conviction and sentence imposed in the Northern District of Alabama"). "Means is serving a life sentence for conspiracy to possess with intent to distribute an unspecified amount of 'cocaine, cocaine base, marijuana, and prescription drugs,' and possession with intent to distribute these drugs." Means v. Vasquez, 168 F. App'x 900, 901 (11th Cir. 2006).  On direct

---

[1]Hereinafter, all citations, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 19.

appeal, the Eleventh Circuit affirmed the conviction and sentence on August 7, 1998, without a written opinion. *Id.* at 901; *see* United States v. Means, 156 F.3d 185 (11th Cir. 1998) (table).

Means subsequently filed a § 2255 motion. Means, 168 F. App'x at 901-02. The district court denied that motion in 2002, finding her claims were procedurally defaulted. *Id.* at 902.

She filed a § 2241 petition in April 2005, which the district court dismissed. *Id.* On appeal, the Eleventh Circuit affirmed, explaining that Means had not made the requisite showing to invoke the savings clause in § 2255. *Id.* at 903-04.

She also filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to U.S.S.G. § 2D1.1. United States v. Means, 316 F. App'x 889, 890 (11th Cir. 2009). The district court denied that motion and, on appeal, the Eleventh Circuit affirmed. *Id.* In its unpublished decision, the Eleventh Circuit explained Means' sentence:

> Means was originally sentenced, under 21 U.S.C. § 841(b)(1)(A), to a mandatory minimum of life imprisonment for possession with intent to distribute 50 or more grams of crack cocaine, with two or more prior felony drug convictions. . . .
>
> . . . .

> Although the retroactive effect of Amendment 706 allows a defendant whose guideline imprisonment range was calculated in accordance with § 2D1.1 to seek a reduction in her sentence, a defendant whose original sentence was based on something other than § 2D1.1 is precluded from receiving a sentence reduction, since the amendment does not have the effect of lowering the applicable guideline range. . . .
>
> . . . .
>
> Here, Means was sentenced to a mandatory term of life imprisonment, under § 841(b)(1)(A), since she was responsible for more than 50 grams of crack cocaine, and had four prior felony drug convictions. Because Means was sentenced to an applicable statutory mandatory minimum term of life imprisonment, resulting in a sentence that ultimately was based on something other than the offense level calculation under § 2D1.1, she was precluded from receiving a sentence reduction under § 3582.

*Id.* at 890-91.

In the Report and Recommendation for her fourth § 2241 petition, this Court also explained her sentence:

> According to the judgment, she was convicted of conspiracy to possess with intent to distribute controlled substances (count 2), possession with intent to distribute cocaine, crack cocaine, and marijuana (count 11), and use of a communication facility to commit, cause, or facilitate commission of a drug felony (counts 33, 34, 42, 61, and 67), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(a)(1), and 843(b), respectively. Doc. 722 in case number 2:95cr129-JHH-TMP, Northern District of Alabama, Southern Division . . . . She was sentenced to concurrent life terms on counts 2 and 11, and concurrent terms of four years on each remaining count.

> Under § 841(b)(1)(A), for offenses involving certain quantities of controlled substances (including cocaine, cocaine base, or marijuana), the sentence is 10 years to life; if the offense is committed "after a prior conviction for a felony drug offense has become final," the sentence is 20 years to life; if committed "after two or more prior convictions for a felony drug offense have become final," then the sentence is a mandatory term of life.  Clearly this – rather than § 3559 – was the basis for Petitioner's life sentence.  Indeed, the sentencing court later denied Petitioner's 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, noting, "[t]he defendant was sentenced to a term of LIFE, 21 U.S.C. § 846, 841(b)(1)(A), the minimum statutory penalty in counts 2 & 11."

Means, 2011 WL 741495 at *2-3 (footnotes omitted).

As indicated above, Means filed the instant § 2241 petition on April 15, 2013, while incarcerated at the Federal Correctional Institution in Tallahassee, Florida.[2]  ECF No. 1.  In her second amended § 2241 petition, Means raises only one ground: "Court lack jurisdiction to career petitioner based on 851 enhancement; Government failed to specify prior conviction used to career her based on 851 filing for enhancement purposes."  ECF No. 15 at 4, 7.  Means thus appears to challenge the use of (four) prior felony drug convictions to impose her life sentence under § 841(b)(1)(A).

---

[2]Petitioner Means is now confined at the Federal Correctional Institution in Aliceville, Alabama.  ECF No. 10.  Because she filed her § 2241 petition in this Court while incarcerated within the Northern District of Florida, however, her prison transfer does not deprive this Court of jurisdiction.  See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).

Respondent filed an answer, with attachments. ECF No. 9. Respondent explains that Means continues to raise "various permutations of the same Section 2255 claims," to avoid the application of the successive petition rule, and points out that this Court, along with the Northern District of Alabama and the Eleventh Circuit Court of Appeals, has repeatedly determined that she is not entitled to relief under § 2241 for such claims. *Id.* at 8. Respondent also asserts that Means has not meet the savings clause requirements for this petition to proceed. *Id.* at 8-11.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a

significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  See Hayman, 342 U.S. at 212–14, 218; see also Wofford, 177 F.3d at 1239.

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir.

2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion. In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h); Gilbert [v. United States], 640 F.3d [1293,] 1309 [(11th Cir. 2011 (en banc)]. This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542 F.3d at 1351.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language, known as the "savings clause," allows review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.  Failure to meet a single prong means a petitioner's claim fails.  See Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).  "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a

subject-matter jurisdictional limit on § 2241 petitions." Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38). A petitioner has the burden of demonstrating entitlement to proceed under the savings clause. *Id.*

In this case, Means' § 2241 petition challenges the validity, not the execution, of her sentence. Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

Further, as set forth above and as Respondent indicates, Means raised a point in her direct appeal challenging the trial court's consideration of the prior convictions in applying the § 851 enhancement. ECF No. 19 at 3 n.3. Means also challenged her sentence in previous § 2255 and § 2241 motions, all of which have been denied. Means' instant § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions. Because Means has already filed a § 2255 motion, she cannot circumvent the statutory restriction on successive § 2255 motions by filing a § 2241 petition. *See* Gilbert, 640 F.3d at 1308. To proceed under § 2241, Means has to show that § 2255 is "inadequate or ineffective" to challenge the legality of her detention. 28 U.S.C. § 2255(e).

As Respondent points out, Means does not identify, or even attempt to explain, how she satisfies the Wofford test. ECF No. 19 at 8-11; see ECF No. 15. Indeed, Means does not identify any "retroactively applicable Supreme Court decision overturning circuit precedent," Wofford, 177 F.3d at 1245, or satisfy any subsequent test identified by the Eleventh Circuit, to open the § 2241 portal. See Gilbert, 640 F.3d at 1319 (explaining that three-factor test in Wofford was "only dicta" and "[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings"); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1334 (11th Cir. 2013) ("The upshot of Gilbert, then, is that the last bastion in which a petitioner claiming an error in the application of the sentencing guidelines can possibly seek refuge through § 2241 is when his claims involve an intervening change in the law that renders erroneous the ACCA violent felony enhancement used to enhance his sentence beyond the statutory maximum."); Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (explaining: "Wofford's holding establishes two necessary conditions – although it does not go so far as holding them to be sufficient – for a sentencing claim to pass muster under the savings clause.

First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit court precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion."); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013) ("To show his prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' Bryant must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed Bryant's distinct prior state conviction that triggered § 924(e) and had squarely foreclosed Bryant's § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to Bryant's distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed Bryant's § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, Bryant's current sentence exceeds the 10-year statutory

maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-<u>Begay</u> error claim of illegal detention above the statutory maximum penalty in § 924(a).").

Moreover, as Respondent indicates, prior convictions are an exception to the rule announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), which requires that "any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *See* <u>Alleyne v. United States</u>, 133 S.Ct. 2151, 2160 n.1 (2013) (applying <u>Apprendi</u> to facts that increase mandatory minimum sentence, but declining to disturb holding in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998), that prior conviction is not considered element of crime and does not have to be proven to jury beyond reasonable doubt).  *See also, e.g.*, <u>Jeanty v. Warden, FCI-Miami</u>, 757 F.3d 1283 (11th Cir. 2014) (affirming denial of § 2241 petition and explaining petitioner did not satisfy requirements in <u>Bryant</u> to proceed under § 2255(e)'s savings clause because, among other things, "neither <u>Alleyne</u> itself nor any later Supreme Court decision holds that <u>Alleyne</u> is retroactive . . . the <u>Alleyne</u> Court explained that its holding was an application of the rule established in <u>Apprendi</u> . . . and we have

repeatedly held that Apprendi's rule does not apply retroactively on collateral review"); Chester v. Warden, 552 F. App'x 887 (11th Cir. 2014) (holding district court lacked jurisdiction to address § 2241 petition in which petitioner argued concurrent sentences of life imprisonment for violations of 21 U.S.C. §§ 841 and 846 were improper because two predicate Florida convictions for possession of cocaine no longer qualified as "felony drug offenses" for purpose of triggering mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), and also explaining that "Chester cannot collaterally challenge his convictions – which became final long before Apprendi and Alleyne were decided – based on the qualifying nature of his predicate felonies").

Therefore, this § 2241 petition should be dismissed for lack of jurisdiction. Means has failed to show the savings clause applies here because remedy by § 2255 was "inadequate or ineffective" to test the legality of her detention. Means previously filed a § 2255 motion and the Eleventh Circuit has not authorized her to file a successive motion.

## Conclusion

For the reasons set forth above, Means has not shown entitlement to proceed under 28 U.S.C. § 2241. Accordingly, it is **RECOMMENDED** that

the second amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 15) be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2015.

> **S/   Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**